Mr. Justice ThacheR
delivered the opinion of the court.
This is a bill filed in the superior court of chancery, in which a decree of dismissal was ultimately made in the vice-chancery court of the southern district.
This bill was filed to obtain a new trial at law in an action instituted by Myles against James McDonald, since deceased, who was administrator of Elias Ford, upon a judgment recovered by Myles, as tutor of certain persons, in the courts of the state of Louisiana. The action was brought in the circuit court of Marion county, the writ was served upon the defendant *285 James McDonald, in Copiah county, and a judgment by default of appearance entered against him.
The ground for a new trial was the alleged illness of James McDonald, and his inability to attend the trial.
Courts of chancery are reluctant to grant new trials unless upon the clearest showing that injustice has been done to a party, who has himself been in no fault. In the opinion of two witnessés, James McDonald was too feeble to have travelled to the court in Marion county, but these witnesses do not describe the reasons or facts upon which they formed this opinion, nor is it shown that the defence was of a kind that required the personal attention and presence of James McDonald, nor that he could not have made his defence by agent or attorney, or at least have made application for delay.
But, even with the admission that James McDonald was prevented by circumstances beyond his control from making his defence at law, is it shown that the defence now proposed in his behalf, is good and valid % In such an application, a complainant seeking a new trial at law, must establish to a high degree of certainty the validity and potency of his defence. All the objections charged in the bill to the legality of the judgment in Louisiana are answered in the replies of the defendant, and denied. They consist chiefly of matters dependent upon the laws of the state of Louisiana. As to this part of the bill, there was no evidence introduced, and the vice-chancery court was entirely unapprized of the law as to them. This was a fatal omission by the complainants, and cannot be now remedied in this court, and is not attempted. There was nothing left for the court below but to dismiss the bill as one in which the parties complaining had failed to make out a case, at least, in this essential particular.
Decree affirmed.